UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------ x
AVERY RODRIGUEZ, individually and : Civil Action No.  18-2261
on behalf of others similarly situated, :
 :
          Plaintiffs, :
 - against - : **FLSA COLLECTIVE ACTION and**
 : **RULE 23 CLASS ACTION**
DADDYO'S ON RICHMOND VALLEY : **COMPLAINT**
LLC; DADDYO'S BBQ & SPORTS :
BAR INC.; DADDYOS ON BAY INC; :
and JOHN ZAFARANLOO, : **Jury Trial Demanded**
 :
          Defendants :
------------------------------------------------ x

Plaintiff AVERY RODRIGUEZ (the "Plaintiff" or "Rodriguez"), on behalf of himself and other similarly situated employees, by and through his attorney, Mohammed Gangat, Esq., files this Complaint against defendants DADDYO'S ON RICHMOND VALLEY LLC; DADDYO'S BBQ & SPORTS BAR INC.; DADDYOS ON BAY INC; and JOHN ZAFARANLOO.

## NATURE OF THE ACTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2) unpaid spread of hours: premium for each day he worked in excess of ten hours, (3) penalties and damages for illegal deductions from wages, (4) tips his employer unlawfully deprived from him when the employer operated an illegal tip pooling scheme (5) liquidated damages on those amounts, (6) prejudgment and postjudgment interest; and (7) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he is entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation;

(2) unpaid "spread of hours: premium for each day they worked in excess of ten (10) hours; (3) penalties and damages for illegal deductions from wages, (4) tips his employer unlawfully deprived from him when the employer operated an illegal tip pooling scheme, (5) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff AVERY RODRIGUEZ ("Plaintiff" or "Rodriguez") is an adult, over eighteen years old, who currently resides in Richmond County in the State of New York.

6. Defendant DADDYO'S ON RICHMOND VALLEY LLC (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a principal place of business at 286 Richmond Valley Rd., Staten Island, NY 10309.

7. Defendant DADDYO'S BBQ & SPORTS BAR INC (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with principal place of businesses at 35 Androvette Street, Staten Island, New York, 10309 and also does

business at 2461 Hyland Blvd., Staten Island, NY 10306-3146.

8. Defendant DADDYOS ON BAY INC (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a principal place of business at 181 Bay St. Lower Level Staten Island, NY 10301.

9. Defendants John Zafaranloo (the "Individual Defendant") is the owner, shareholder, director, supervisor, managing agent, and proprietor, of the Corporate Defendants, who actively participates in the day-to-day operations of each of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

10. The Individual Defendant exercises control over the terms and conditions of his employees' employment, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

11. The Individual Defendant is present on the premises of the Corporate Defendants on a consistent basis, and actively supervises the work of the employees, including Plaintiff, and mandates that all issues concerning the employees' employment - including hours worked and pay received - be authorized and approved by him.

12. Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that they (i) have and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on

goods or materials that have been moved in or produced for commerce, and (ii) have and had an annual gross volume of sales of not less than $500,000.

13. Defendants continuously employed plaintiff Avery Rodriguez in Richmond County, New York to work as a non-exempt employee for Defendants' restaurant for three months.

14. The work performed by Plaintiff was directly essential to the businesses operated by Defendants.

15. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's minimum wage requirements.

16. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

17. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

18. Defendants knowingly and willfully made deductions from Plaintiff's wages in direct contravention to the New York Labor Law.

19. The deductions from Plaintiff's wages were made to pay for multiple occasions where customers walked out before paying the bill or when orders were mixed up.

20. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

21. Defendants jointly decided to hire Plaintiff Avery Rodriguez to work as a non-exempt employee of the restaurant owned and operated by the Defendants, known as DaddyO's

Restaurant and located in Staten Island, NY.

22. Plaintiff was hired purportedly as a server.

23. Upon being hired plaintiff Avery Rodriguez was instructed by Defendants to work and did in fact work a regular schedule consisting of six (6) days a week, from 2:30 PM to 11:00 PM on week days and 1:00 AM on weekends. For this time period, Defendants agreed to and did in fact pay Mr. Rodriguez wages of $20 per shift.

24. Plaintiff Avery Rodriguez worked for the Defendants in that capacity for approximately three (3) months.

25. During the course of Plaintiff's employment by Defendants, he occasionally worked over ten (10) hours a day and routinely worked over forty (40) hours per week. In fact, he routinely worked over 50 hours a week.

26. At no point did Defendants inform Plaintiff of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

27. During the entire employment period, Defendants did not allow Plaintiff to retain all the tips and/or gratuities he earned.

28. Upon information and belief, Defendants misappropriated a fixed percentage from the tips Plaintiff earned each shift.

29. During the entire employment period, Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Plaintiff earned.

30. During the entire employment period, Defendants imposed upon Plaintiff a tip redistribution scheme to which he never agreed.

31. A tip pool was being run to allow managers to share in the tips. The Manager was not serving and was not legally entitled to share in the tips received.

32. Upon information and belief, Defendants did not keep accurate records of wages or tips earned or hours worked by Plaintiff.

33. Defendants inaccurately reported the number of hours Plaintiff worked each week.

34. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

35. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

36. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

37. Defendants did not furnish Plaintiff with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

38. Upon information and belief, defendants also failed to keep full and accurate records of Plaintiff's hours and wages in violation of the New York Labor Law §§ 195, 661.

39. Defendants never informed Plaintiff that they intended to take any tip credit as required by the New York Department of Labor Hospitality Industry Wage Order.

40. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

41. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants in the three years preceding the date of the filing of this Complaint (the "Collective Action Period"), and who were compensated: at rates less than the applicable minimum wage for straight time hours and at rates less than one-half times the applicable minimum wage for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

43. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

44. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

45. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

46. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

47. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

   b. Whether the Defendants failed to keep true and accurate time and pay records

        for all hours worked by Plaintiffs and the Collective Action Members;

   c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d.  Whether the Defendants failed to pay the Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   e.  Whether the Defendants illegally deducted from employee wages the cost of unpaid bills where the customer walked out before paying and orders being mixed up;

   f.  Whether the Defendants operated an illegal tip pooling scheme;

   g.  Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

   h.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

48. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

49. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

50. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

51. Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time in the six year period preceding the date of the filing of this Complaint (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and were compensated: at rates less than the applicable minimum wage for straight time hours; at rates less than one-half times the applicable minimum wage for all hours worked in excess of forty (40) hours per workweek; and without the required "spread of hours" premium, all in violation of the New York Labor Law (the "Class"). Plaintiffs also bring on behalf of himself and the Class state law claims for the cost of illegal deductions made from wages on occasions where customers walked out before paying the bill and orders getting mixed up.

52. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

53. The claims of Plaintiff is typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

54. The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the

Class as a whole.

55. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

56. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff understands that, as class representatives, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

57. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

58. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

59. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. Whether the Defendants employed Plaintiff sand the Class members within the meaning of the New York Labor Law;

   b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to

maintain time records;

d. Whether the Defendants failed to pay the Plaintiff and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e. Whether the Defendants failed to pay the Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

f. Whether the Defendants made deductions from Plaintiff and the Class members' wages prohibited by the New York Labor Law;

g. Whether the Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

h. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I

### [Violation of the Fair Labor Standards Act]

60. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "59" of this Complaint as if fully set forth herein.

61. At all relevant times, upon information and belief, Defendants were and continue

to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

62. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

63. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

64. Plaintiff and the Collective Action Members were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

65. Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

66. Defendants failed to pay Plaintiff and the Collective Action Members minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

67. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

68. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one- half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

69. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Collective Action Members.

70. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members,

71. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

72. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

73. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

74. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

75. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay
### Brought on behalf of Plaintiff and the Proposed Rule 23 Class

76. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "75" of this Complaint as if fully set forth herein.

77. Defendants employed Plaintiffs and the Class members within the meaning of New York Labor Law §§ 2 and 651.

78. Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay Plaintiffs and the Class members the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

79. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

80. Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay "spread of hours" premium to Plaintiffs and the Class members for each day they worked in excess of ten (I 0) hours pursuant to New York State Department of Labor Regulations.

81. Defendants knowingly and willfully operated a top pooling scheme whereby individual who did not serve customers were permitted to share in the tips.

82. The tip pooling scheme unlawfully deprived Plaintiff and the Class members of all gratuities owed to them.

83. Defendants made deductions from Plaintiff and the Class members wages in order to recoup the losses suffered by the restaurant when a customer walked out on a bill or there was

an issue with a customer's order.

84. Defendants failed to properly disclose or apprise Plaintiff and the Class members of their rights under the New York Labor Law.

85. Defendants failed to furnish Plaintiff and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

86. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

87. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

88. At the time of their hiring, Defendants failed to notify Plaintiff and the Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

89. Due to the Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reimbursement of the illegal deductions, and reimbursement of gratuities that were improperly withheld.

90. Plaintiff and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

91. Plaintiff and the Class members are also entitled to attorneys' fees and prejudgment interest.

### COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements

### Brought on behalf of Plaintiff and the Proposed Rule 23 Class

92. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "91" of this Complaint as if fully set forth herein.

93. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

94. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have

willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

95. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

96. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

97. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

98. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by

NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Avery Rodriguez , on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants and of their right to join this lawsuit if they believe they were denied proper wages;

ii. An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

iii. An award of unpaid "spread of hours" premium due under the New York Labor Law;

iv. An award for damages arising out of Defendants' illegal wage deductions;

v. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

vi. An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

vii. An award of civil penalties pursuant to the New York State Wage Theft Prevention

      Act;

viii. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

ix. Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

x. An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL

xi. An award of prejudgment and post-judgment interest;

xii. An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

xiii. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
      April 17, 2017

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
      Mohammed Gangat, Esq.

Mohammed Gangat, Esq. (mg3919)
675 3rd Avenue
New York, NY 10017
Telephone: (718) 669-0714
Email: mgangat@gangatllc.com