# LAW OFFICE OF MOHAMMED GANGAT

(718) 669-0714 ✦ 675 3rd Ave, Ste 1810, NY, NY 10017 ✦ mgangat@gangatpllc.com

April 2, 2019

Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:    *Rodriguez et al. v DaddyO's on Richmond Valley LLC*
              Civil Action No. 18-02261 (RJD) (SJB)

Dear Judge Bulsara:

    I am counsel for plaintiffs Avery Rodriguez and Carlos Rodriguez ("Plaintiff") in the above-referenced action (the "Action") and submit this letter jointly with counsel for defendants DaddyO's on Richmond Valley LLC, DaddyO's BBQ & Sports Bar Inc., DaddyO's on Bay Inc., and John Zafaranloo ("Defendants") seeking the Court's approval of the settlement in this action, as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Counsel for Defendants has reviewed and approved this letter.

    The parties have agreed to the use of a magistrate judge for all proceedings. At the time of the filing of this letter, the parties are also filing a Notice, Consent and Reference of a Civil Action to a Magistrate Judge, whereby the parties are consenting to the use of a magistrate judge for all proceedings in this case.

    At the outset, it should be noted that the settlement agreement for which the parties seek approval memorializes the materials terms of an agreement struck following a settlement conference conducted by Your Honor.

    This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiffs as a result of the Defendants' alleged violations of these wage-and-hour laws, including failure to pay overtime, failure to pay spread of hours (i.e., an additional hour of pay for each workday worked in excess of ten hours per day), and failure to provide wage notices and accurate wage statements.

    Plaintiffs' initial disclosures, which were served on all defendants, calculated that Plaintiff Avery Rodriguez was owed approximately $7,000 in unpaid overtime and other unpaid wages and Plaintiff Carlos Rodriguez was owed approximately $30,000 in unpaid overtime and other unpaid wages. In addition to seeking to recover those unpaid wages, Plaintiffs in this action sought to recover an equivalent amount in liquidated damages; statutory penalties for wage notice and wage statement violations; plus prejudgment interest on all amounts; and attorneys' fees and costs. In sum, this action could have easily resulted in Plaintiffs being awarded a six figure judgment against Defendants.

Hon. Sanket J. Bulsara
April 2, 2019
Page 2 of 3

A bona fide dispute arose when Defendants appeared in this action and disputed the number of hours Plaintiffs claimed they worked. Defendants also raised legal arguments concerning whether the notice and statements they provided were sufficient. Defendants provided documents in support of their position, including payroll records. Finally, Defendants raised the issue of their ability to satisfy any judgment, including prior and pending bankruptcies, and pending judgments against them.

A mediation was held before Your Honor. Each side prepared mediation statements and exchanged documents in advance of the mediation. Eventually, after several rounds of negotiation, the parties stopped the mediation, unable to reach a compromise figure.

Thereafter, the parties did arrive at a compromise figure, and a payment plan, to resolve all claims, including attorney's fees and costs, and the parties memorialized this in a written agreement to resolve this Action (the "Agreement") that is now being submitted to Your Honor for approval. (A copy of the Agreement is attached hereto as Exhibit A.) Notably, the settlement amount is above the Defendants' offer, and below the Plaintiff's demand, at the mediation; suggesting that the mediation effectively framed reasonable "high" and "low" settlement figures.

Pursuant to the Agreement, the $25,000 will be divided as follows: $4,000 to Plaintiff Avery Rodriguez, $13,500 to Plaintiff Carlos Rodriguez, and $7,500 to Plaintiff's counsel.

In all, the Agreement is in line with the mandate from *Cheeks*. Keeping in line with the trend in this Circuit following *Cheeks*, the Agreement contains a limited release, which applies only to claims arising for wages or other compensation arising from Plaintiffs' employment with the Defendants. There is no confidentiality provision; only a non-disparagement provision where the parties agree not to disparage one another and agree to not say or do anything that would harm the reputation of the other. Importantly, the non-disparagement provision includes language expressly stating that the parties retain the right to discuss matters related to this legal action with whomever they choose so long as the parties' statements are truthful. Most importantly, and unlike the settlement agreement at issue in *Cheeks*, the Agreement is available to Your Honor to explore and to assess whether it was likely the fair result of a balanced negotiation, in which Plaintiffs were represented by able counsel and participated in a mediation conducted by Your Honor.

This settlement is fair when comparing the potential recovery at trial to the settlement amount. It is also fair when considering Plaintiffs' counsel will keep 30% of the total settlement proceeds, with 70% going to the Plaintiffs. Not only is this 30% lower than what lawyers commonly take, it is even less when considering that Plaintiffs' counsel advanced expenses and reimbursement of expenses will come from the 30% going to counsel.

Moreover, this is not a case where a settlement came about because of "overreaching" by any party. To the contrary, the settlement was the result of vigorous arm's-length negotiations occurring over many months, involving counsel, the exchange of documentary evidence and

Hon. Sanket J. Bulsara
April 2, 2019
Page 3 of 3

assistance from the Magistrate Judge. The parties' counsel are experienced and well-versed in wage and hour law and duly counseled their respective clients on the benefits and risks of continued litigation. Settlement at this stage of the case for this amount constitutes the most efficient and effective conclusion to this litigation for all parties.

The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the Agreement and permit the parties to submit the Stipulation of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court.

We appreciate Your Honor's attention to this matter.

Respectfully Submitted,

*/s/ Mohammed Gangat*

Mohammed Gangat, Esq.

cc:   All counsel of record (via ECF)